IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

A.G.P.,                                          :
                                                 :
                Petitioner,                      :
                                                 :
v.                                               :        Case No. 4:26-cv-541-CDL-CHW
                                                 :              28 U.S.C. § 2241
WARDEN, STEWART DETENTION                        :
CENTER,                                          :
                                                 :
                Respondent.                      :
_____

## REPORT AND RECOMMENDATION

The Court received Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 on April 2, 2026. (ECF No. 1) and the following day ordered Respondent to file his response within 21 days. (ECF No. 3). On April 6, 2026, Petitioner filed a motion for stay of removal pending the resolution of his habeas application. (ECF No. 4). As explained below, it is **RECOMMENDED** that Petitioner's motion for an order staying removal from the United States (ECF No. 4) be **DENIED** because this Court lacks jurisdiction to interfere in removal proceedings.

The Court's habeas jurisdiction under Section 2241 extends only to questions related to Petitioner's detention while removal proceedings are underway. Petitioner contends that he is married to a United States citizen and has filed a Form I-130 Petition for Alien Relative. (ECF No. 1, p. 7). He argues that the Immigration Judge wrongfully denied his petition to reopen removal proceedings. The exclusive procedure for review of a removal order is a petition for review filed with the appropriate court of appeals after exhaustion of any remedies available through the Board of Immigration Appeals. 8 U.S.C. §§ 1252(a)(5), 1252(d)(1). Petitioner cannot use a habeas petition under Section 2241 to side-step this exclusive remedy.

1

*1.    Jurisdictional Standards*

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 173-80 (1803)).  As a result, "[t]his Court is obligated to inquire into subject-matter jurisdiction . . . whenever it may be lacking." *Chacon-Botero v. United States Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005).  In the immigration context, sections 1252(a)(5), 1252(b)(9), and 1252(g) limit federal courts' jurisdiction.

Section 1252(a)(5) establishes that a petition for review to the court of appeals is the exclusive vehicle for judicial review of a final order of removal.  8 U.S.C. § 1252(a)(5).  District courts have held that this provision divests them of jurisdiction to grant a motion to stay removal when an individual is contesting a removal order in a habeas case.  *See, e.g., Watson v. Stone*, No. 4:13-cv-480, 2013 WL 6072894, at *2 (M.D. Ga. Nov. 18, 2013) ("[Section 1252(a)(5)] has consistently been interpreted by district courts faced with a motion to stay removal as stripping them of jurisdiction to provide such relief."); *Ingram v. Holder*, No. 4:12-cv-0390, 2012 WL 1339919, at *2 (N.D. Ala. Apr. 13, 2012) (holding that under section 1252(a)(5), the court lacked jurisdiction to stay removal pending judicial review).  Section 1252(b)(9) reiterates Congress's jurisdiction-stripping intent, emphasizing that Section 2241 and habeas corpus cannot be used to evade the exclusive remedy in the courts of appeals:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section.  Except as otherwise provided in this section, no court shall have jurisdiction, *by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision*, . . . or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9) (emphasis added).  Courts have consistently read section 1252(b)(9) in conjunction with section 1252(a)(5) and concluded that they lack jurisdiction to review "*any* issue—whether legal or factual—arising from *any* removal-related activity." *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016); *see also Reno v. Anti-American Anti-Discrimination Comm.*, 525 U.S. 471, 482-483 (1999) (holding that 1252(b)(9) functions as a "'zipper' clause that says 'no judicial review in deportation cases unless this section provides judicial review'").  "In enacting section 1252(b)(9), Congress plainly intended to put an end to the scattershot and piecemeal nature of the review process that previously had held sway in regard to removal proceedings." *Aguilar v. U.S. Immigration & Customs Enf't*, 510 F.3d 1, 9 (1st Cir. 2007).

Finally, section 1252(g) specifically bars review of removal orders.  It states:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).  Courts have held that section 1252(g) also deprives them of jurisdiction to stay removal.  *Hamama v. Adducci*, 912 F.3d 869, 874 (6th Cir. 2018) (holding that the district court correctly determined that it lacked jurisdiction to stay removal under section 1252(g)); *Idokogi v. Ashcroft*, 66 F. App'x 526, 526 (5th Cir. 2003) (same).

Petitioner's reliance on *Nken v. Holder*, 556 U.S. 418 (2009), is misplaced. The stay granted in *Nken* arose in the context of a petition to the Court of Appeals for the Fourth Circuit for review of a removal order by the Board of Immigration Appeals, as authorized under 28 U.S.C. § 1252(d)(1). The Court in *Nken* held that the courts of appeals and the Supreme Court have authority to stay removal pending review of the removal decision, notwithstanding the limits on injunctive relief in 28 U.S.C. § 1252(f). Nothing in this opinion can be read to grant district courts the power to stay or otherwise interfere with removal decisions in the context of a habeas action.

Accordingly, it is hereby **RECOMMENDED** that Petitioner's Motion to Stay (ECF No. 4) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 8th day of April, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge